JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Phillis Fuller Clipps, appeals from the decision of the Cuyahoga County Court of Common Pleas that affirmed the order of the City of Cleveland Civil Service Commission that upheld her disciplinary demotion. For the reasons stated below, we reverse the judgment of the trial court and remand the matter with instructions that the trial court conduct an evidentiary hearing.
 {¶ 2} The following facts give rise to this appeal. Fuller Clipps was employed by appellee, the city of Cleveland ("the City"), as an assistant commissioner in the Division of Engineering and Construction. On January 22, 2003, the City issued Fuller Clipps a letter informing her that an employee named Tracie Nichols had filed a complaint of sexual harassment and retaliation against her. The specific allegations were set forth in a document attached to the letter. According to Nichols' complaint, Fuller Clipps had "groped both [of Nichols'] breasts." The January 22 letter informed Fuller Clipps that she would be interviewed on January 29, 2003 concerning the allegations and requested that she provide a written response prior to the interview.
 {¶ 3} Fuller Clipps wrote a letter, dated January 22, 2003, in response to the allegations. In the letter, Fuller Clipps acknowledged that she previously had been advised in October 2002 that a complaint had been made against her concerning "inappropriately touching the females in [her] Division." In this letter, Fuller Clipps stated she made the following verbal personal apology to eight employees, including Nichols, back in October 2002: "I have been advised that I am not allowed to touch anybody. If I have offended you in anyway, I apologize and will not touch you in the future." The letter further indicated that Fuller Clipps felt the present complaint by Nichols was filed in retaliation for certain memoranda that Nichols received from Fuller Clipps regarding Nichols' performance on the job.
 {¶ 4} On March 17, 2003, the City sent a memorandum to Fuller Clipps informing her that the independent investigation regarding Nichols' charge of sexual harassment and retaliation had been completed and that the report concluded Fuller Clipps was in violation of the City's sexual harassment policy. The City advised Fuller Clipps that a predisciplinary conference had been scheduled to discuss the following civil service infractions:
"3. Incompetence or inefficient performance of duties.
 "5. Conduct unbecoming an employee in the public service.
 "9. Offensive conduct or language toward fellow employees,superiors or the public in the course of his/her employment."
The March 17 memorandum indicated that Fuller Clipps would have the opportunity to offer an explanation of the alleged conduct and informed her of her right to have representation present.
 {¶ 5} The predisciplinary hearing proceeded on March 26, 2003. Thereafter, on March 31, 2003, the City issued a letter to Fuller Clipps advising her that in reviewing the charges stemming from the sexual harassment allegation and the predisciplinary hearing testimony, the City found that she had violated the civil service rules set forth above. As a result of these violations, Fuller Clipps received a five-day work suspension. Fuller Clipps was also informed that she was being demoted to the position of administrator of Engineering Planning with a reduction in pay. The letter, which was written by Randall E. DeVaul, the Commissioner of the Division of Engineering Construction, stated:
"I am also extremely concerned with issues leading up to the sexual harassment charge, and the judgment you have displayed in and around the workplace in how you deal with subordinates as a supervisor. As discussed in the pre-disciplinary hearing, your last evaluation rated you below average in all categories dealing with judgment issues. According to the investigation, you consistently and deliberately tickled, touched, hugged and sat on the laps of subordinates. These are not only unacceptable actions for a manager, but shows [sic] a significant lack of judgment critical in the capacity of Assistant Commissioner and as Acting Commissioner in [the Commissioner's] absence."
 {¶ 6} Upon this decision, Fuller Clipps requested a disciplinary hearing before a referee in accordance with Rule 9.22 of the City of Cleveland Rules of the Civil Service Commission ("Civil Service Rules"). Following hearings on the matter, the referee concluded that Fuller Clipps had been accorded due process and that her demotion was supported by the record. The referee noted in his recommendation and findings that Fuller Clipps had displayed "several aberrant behavioral incidents," including running her fingers through the director's hair the first day on the job, putting her head on the shoulder of an employee, and standing up on a chair during a meeting. Also, in a performance evaluation dated January 24, 2003, Fuller Clipps was rated poorly in eight categories involving the exercise of good judgment and interaction with co-workers.
 {¶ 7} Fuller Clipps proceeded to request a hearing before the full commission in accordance with Civil Service Rule 9.6. This hearing also evaluated the claims of inappropriate behavior by Fuller Clipps, as well as her lack of judgment and poor job performance. The parties were permitted to present testimony and evidence at this hearing. Following this hearing, the commission upheld the demotion.
 {¶ 8} Thereafter, Fuller Clipps filed an appeal in the Cuyahoga County Court of Common Pleas. The court, without hearing additional evidence or argument, found that the commission's order was "not unconstitutional, illegal, arbitrary, capricious, unreasonable, nor unsupported by a preponderance of substantial reliable and probative evidence on the whole record."
 {¶ 9} Fuller Clipps has now appealed the matter to this court, raising three assignments of error for our review:
"1. The lower court erred as a matter of law in affirming the appellant's disciplinary demotion order of the City of Cleveland Civil Service Commission finding that it was supported by reliable, probative and substantial evidence.
"2. The City of Cleveland Civil Service Commission and the lower court erred as a matter of law in upholding the referee's September 11, 2003 recommendation that appellant's disciplinary demotion be sustained.
"3. The lower court erred as a matter of law in failing to find that the procedures utilized by appellee City of Cleveland, in disciplining and demoting appellant [Fuller Clipps] violated both federal and state due process standards."
 {¶ 10} Under R.C. 2506.04, the common pleas court and the court of appeals apply different standards of review for administrative appeals. The common pleas court must determine if the order or decision of the administrative board or agency is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. The common pleas court weighs the evidence in the record and may consider new or additional evidence in certain circumstances. See R.C.2506.03; Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612, 1998-Ohio-340. In contrast, the standard of review for the court of appeals is limited to questions of law and "does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court." Henley v. YoungstownBd. of Zoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493, quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. An appellate court must affirm the decision of the common pleas court unless it finds, as a matter of law, the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Kisil, 12 Ohio St.3d at 34.
 {¶ 11} The primary argument raised by Fuller Clipps is that she was denied due process of law. As a public employee, Fuller Clipps had a property right in continued employment, which right was protected by the Due Process Clause of the Fourteenth Amendment. Cleveland Bd. of Educ. V. Loudermill (1985),470 U.S. 532, 538-539. Fuller Clipps argues she was not afforded adequate due process because she was not properly notified of all the charges against her in the predisciplinary notice. More specifically, Fuller Clipps states that the only charges she was notified of were the sexual harassment allegations made by Nichols. Fuller Clipps claims that it was not until she received the disciplinary letter that followed the predisciplinary hearing that she received notice that she was accused of "consistently and deliberately tickl[ing], touch[ing], hugg[ing] and s[itting] on the laps of subordinates," which was part of the basis for her demotion.
 {¶ 12} In Loudermill, 470 U.S. at 545, the United States Supreme Court set forth the procedural requirements for the pretermination hearing of a public employee as follows: "The essential requirements of due process, * * * are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. [Citation omitted.] The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. [Citations omitted.] To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."
 {¶ 13} The Supreme Court in Loudermill also held that, generally, the pretermination hearing, "though necessary, need not be elaborate" and that "`something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." Id. at 545. Also, "the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions — essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Id. at 545-546. In reaching this decision, the Supreme Court recognized that Ohio law provides for a full post-termination hearing. Id. at 546.
 {¶ 14} Upon remand of the matter in Loudermill, the Sixth Circuit Court of Appeals recognized that "courts construing the Supreme Court's language in Loudermill have required only the barest of a pretermination procedure, especially when an elaborate post-termination procedure is in place." Loudermill v.Cleveland Bd. Of Educ. (C.A. 6, 1988), 844 F.2d 304, 310-312. Relying on the Loudermill decisions, the Ohio Supreme Court has held that "a classified civil service employee of the state of Ohio must be afforded a pretermination disciplinary hearing; however, such hearing need not be elaborate, but must afford the employee the opportunity to present his side of the story."Local 4501, Communications Workers of America v. Ohio StateUniv. (1990), 49 Ohio St.3d 1.
 {¶ 15} In this case, the City provided Fuller Clipps with notice of the charges against her. The City's March 17 notice informed Fuller Clipps of three civil service infractions with which she was being charged. The City also provided Fuller Clipps with an opportunity to respond to the charges. However, the City did not adequately provide Fuller Clipps with an explanation of the evidence against her.
 {¶ 16} While Fuller Clipps asserts that she was not provided with a copy of the independent investigation report, there is nothing that requires such disclosure or discovery with respect to a pretermination hearing. All that is required is notice of the charges, an explanation of the employer's evidence, and an opportunity to respond. Loudermill, 470 U.S. at 545.
 {¶ 17} The problem in this case is that the City led Fuller Clipps to believe that the evidence against her involved the complaint of sexual harassment made by Nichols. Fuller Clipps was not informed either in the notice or at the pretermination hearing that other incidents of misbehavior were being considered as a basis for her demotion. Again, while the pretermination proceedings need not be elaborate, Fuller Clipps was entitled to some explanation of this evidence.
 {¶ 18} We recognize that Fuller Clipps did acknowledge in her January 22 response letter that she was aware of a prior complaint concerning inappropriately touching females in her division. We are also cognizant of the fact that Fuller Clipps was provided with procedures that allowed for additional hearings and evidence to be presented. Nevertheless, the City failed to inform Fuller Clipps until after the pretermination hearing that incidents other than those involving Nichols were being considered against her. As we stated in Jones v. Cleveland CivilService Commission (Jun. 13, 1985), Cuyahoga App. No. 49226, "the due process requirement for opportunity to be heard at a meaningful time and in a meaningful manner, as applied in employment-related cases, demands at least written notice of the charges and of the evidence upon which they are based, so that the charged individual can prepare a defense or explanation."[1]
 {¶ 19} Accordingly, we find that Fuller Clipps was deprived of her due process rights. Although Fuller Clipps has requested reinstatement as a remedy, we do not find this to be an appropriate result for this appeal. As this court recognized inValan v. Cuyahoga County Sheriff (1985), 26 Ohio App.3d 166,171: "Nowhere in the Loudermill opinions does either court indicate that failure to afford a pre-termination hearing constitutes grounds for disaffirming a removal order."
 {¶ 20} Many courts have found that when an employee would have been terminated (or demoted) even if a full and proper pretermination hearing had been afforded, reinstatement and/or back pay are not proper remedies, and an award of compensatory damages is not justified. Emanuel v. Columbus Recreation ParksDept. (1996), 115 Ohio App.3d 592, 600-601 (see cases cited therein); Green v. Village of Buckeye Lake, Licking App. No. 01CA106, 2002-Ohio-2543; see, also, Carey v. Piphus (1978),435 U.S. 247, 260 (recognizing to hold otherwise would allow "a windfall, rather than compensation"). In such cases, an employee is entitled only to damages that are directly traceable to the employer's failure to observe due process, "i.e., nominal damages." Emanuel, 115 Ohio App.3d at 601; Valan,26 Ohio App.3d at 172. The rationale for this is that the wrong suffered by the employee was the deprivation of due process, not the dismissal. Emanuel, 115 Ohio App.3d at 601. As stated inGreen, supra: "to hold that a discharge is invalid because of procedural difficulties emphasizes form over substance, and reinstatement is not an appropriate remedy for a due process violation prior to termination."
 {¶ 21} Accordingly, reinstatement or back pay should not be awarded to a public employee for a due process violation unless there is a finding that the discharge would not have occurred if the employee's procedural due process rights had been observed. See Emanuel, 115 Ohio App.3d at 600, citing Brewer v. Chauvin
(C.A. 8, 1991), 938 F.2d 820, 864. In this case, the trial court never reached this issue because it found no due process violation occurred. Accordingly, we find that this matter must be remanded to the trial court for an evidentiary hearing to determine whether the facts supported the demotion. See Brewer,
938 F.2d at 865; see, also, Valan, 26 Ohio App.3d at 172;Green, supra.
 {¶ 22} In conclusion, we reverse and remand the case to the trial court. On remand, the trial court must conduct an evidentiary hearing to determine whether Fuller Clipps would have been demoted even if procedural due process had been afforded. If so, Fuller Clipps then would not be entitled to reinstatement or compensatory damages; however, she may be entitled to an award of nominal damages for the deprivation of her due process rights. See Emanuel, 115 Ohio App.3d at 601. Otherwise, if the court finds that Fuller Clipps would not have been demoted if afforded her due process rights, then the court should make a determination as to the reinstatement, back pay and benefits requested by Fuller Clipps.
Judgment reversed and case remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs, Dyke, A.J., Concurs in Judgment Only.
[1] We note that at least one Ohio court has found that the failure to explain the evidence against the employee does not constitute a deprivation of due process rights where the opportunity to be heard is not impaired and there is no showing of identifiable prejudice. Swigart v. Kent State Univ., Portage App. No. 2004-P-0037, 2005-Ohio-2258, citing Estes v. Texas
(1965), 381 U.S. 532, 542.