CLIPPS, Appellant,

v.

City of CLEVELAND, Appellee.

[Cite as *Clipps v. Cleveland*, 187 Ohio App.3d 577, 2010-Ohio-2343.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93144.

Decided May 27, 2010.

578

Wuliger, Fadel & Beyer and William I. Fadel, for appellant.

Robert J. Triozzi, Cleveland Law Director, and Theodora M. Monegan, Chief Assistant Law Director, for appellee.

---

KENNETH A. ROCCO, Presiding Judge.

{¶ 1} Appellant, Phillis Fuller Clipps, challenges a common pleas court decision that found that appellee, the city of Cleveland, would have demoted her from her former position as Assistant Commissioner of Engineering and Construction to the position of Administrator of Engineering and Planning even if the city had afforded Fuller Clipps procedural due process by giving her prior notice of the grounds for her demotion and an opportunity to respond. Fuller Clipps urges that the common pleas court's decision is not supported by a preponderance of reliable, probative, and substantial evidence, that the court erred by affirming the Cleveland Civil Service Commission's order, and that the court erred by placing the burden of proof on her to defend against allegations of inappropriate contact with city employees without first requiring the city to produce evidence that inappropriate contact occurred.

{¶ 2} We have reviewed the common pleas court's decision on Fuller Clipps's administrative appeal on questions of law only. We find no error in the proceedings below and affirm the court's decision. We also find that the court did not place the burden of proof on Fuller Clipps at the hearing that the court held on remand. Rather, the court gave Fuller Clipps the opportunity to respond to the city's assertion that she "deliberately tickled, touched, hugged and sat on the laps of subordinates" and that these actions showed "a significant lack of judgment critical in the capacity of Assistant Commissioner." Because Fuller Clipps already had notice of the charge and of the evidence upon which the city relied, the opportunity to respond was the only part of the pretermination hearing that remained to be fulfilled. The city having shown that Fuller Clipps would have been demoted even if she had had a proper predisciplinary hearing, the court correctly awarded Fuller Clipps only nominal damages. Therefore, we affirm.

{¶ 3} This matter was previously before this court in *Fuller Clipps v. Cleveland*, Cuyahoga App. No. 86887, 2006-Ohio-3154, 2006 WL 1705130. That decision includes a detailed description of the administrative proceedings, to which we refer the reader. For clarity, however, we will give a brief explanation of the procedural history here as well.

{¶ 4} The city advised Fuller Clipps in writing in January 2003 that it had received a complaint that she had sexually harassed a subordinate female

employee in October 2002 by groping her breasts. Fuller Clipps responded that same day. She did not deny the employee's allegations, but instead impugned her motives for complaining and suggested that the complaint was filed in retaliation for Fuller Clipps's recent memorandum to the employee regarding her job performance. Fuller Clipps further acknowledged that in October 2002, she had been advised about other employee complaints of "inappropriate touching" and had apologized to those employees and had promised not to touch them in the future. This response was tantamount to an admission that she had had inappropriate physical contact with subordinates.

{¶ 5} In March 2003, the city advised Fuller Clipps that it had investigated the sexual-harassment charge and had concluded that Fuller Clipps had violated the city's sexual-harassment policy. A predisciplinary conference was scheduled to discuss three civil service infractions: (1) "[i]ncompetence or inefficient perform-ance of duties," (2) "[c]onduct unbecoming an employee in the public service," and (3) "[o]ffensive conduct or language toward fellow employees, superiors or the public in the course of his/her employment." After the hearing, the city informed Fuller Clipps by letter that it had found that she had violated these civil service rules and as a result, it was suspending her for five days. This letter, signed by the commissioner of the city's division of engineering and construction, further stated:

> I am also extremely concerned with issues leading up to the sexual harassment charge, and the judgment you have displayed in and around the workplace in how you deal with subordinates as a supervisor. As discussed in the pre-disciplinary hearing, your last evaluation rated you below average in all categories dealing with judgment issues. According to the investigation, you consistently and deliberately tickled, touched, hugged and sat on the laps of subordinates. These are not only unacceptable actions for a manager, but shows [sic] a significant lack of judgment critical in the capacity of Assistant Commissioner and as Acting Commissioner in [the Commissioner's] absence.
>
> I am therefore demoting you from Assistant Commissioner of Engineering & Construction to a position of Administrator of Engineering & Planning * * *.

{¶ 6} After she received this decision, Fuller Clipps requested a disciplinary hearing before a referee. The referee concluded that Fuller Clipps had been accorded due process and her demotion was supported by the record. A hearing was then held before the full civil service commission. The civil service commis-sion upheld the demotion. Fuller Clipps then appealed to the common pleas court, which found that the commission's order was "not unconstitutional, illegal, arbitrary, capricious, unreasonable, nor unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record."

{¶ 7} In the previous appeal in this case, this court determined that the city had provided Fuller Clipps with prior notice of the three civil service infractions for which she could be disciplined and had given her an opportunity to respond to the charges, but did not adequately inform her of the evidence against her. The city had informed Fuller Clipps that the reason for the hearing was the sexual-harassment complaint. It had not told her that her demotion was being considered based on other incidents of misbehavior, although she had been aware of these other complaints. We remanded for the common pleas court to conduct an evidentiary hearing to determine whether Fuller Clipps would have been demoted even if she had been given notice before the predisciplinary hearing that these other complaints would be considered.

{¶ 8} On remand, the common pleas court conducted an evidentiary hearing at which it heard the testimony of both appellant and her former supervisor, Mark Ricchiuto. In its findings of fact, the court determined that Fuller Clipps admitted that she had tried to sit on the lap of a fellow employee who was wearing a Santa Claus hat, that she had poked employees in the ribs to tickle them, and that she had once hugged a fellow employee. She stated she was a "touchy-feely" person on the job and believed her behavior was appropriate. Ricchiuto testified that he believed this behavior was inappropriate from a person in a leadership position. Based upon this evidence, the common pleas court concluded that Fuller Clipps "would have been demoted even if she had been afforded procedural due process" and that "this decision is not unconstitutional, illegal, arbitrary, capricious, unreasonable, nor unsupported by a preponderance of substantial, and probative evidence on the whole record." Fuller Clipps now appeals from this decision.

{¶ 9} Our review of this matter is complicated by the fact that both an administrative appeal and a civil claim for violation of Fuller Clipps's right to procedural due process are at issue. Different standards of review guide our examination of each of these decisions. Because the due process claim was the focus of the remand, we will address that matter first.

*Due Process*

{¶ 10} In the third assignment of error, Fuller Clipps complains that the court required her to present her evidence in opposition to her demotion without first requiring the city to present its evidence in support. She asserts that the order of proof effectively (and improperly) "shifted the burden of proof" onto her. We disagree.

{¶ 11} Fuller Clipps proved a violation of her procedural due process rights, so the city bore the burden of proving that she would have been demoted even if she had had a fair predisciplinary hearing that satisfied due process.

*Durante v. Ohio Civ. Rights Comm.* (May 19, 1987), Franklin App. No. 86AP–591, 1987 WL 11611. A fair predisciplinary hearing does not mean a full evidentiary proceeding, however. "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494.

{¶ 12} At the latest, the letter sent to Fuller Clipps after the predisciplinary hearing gave Fuller Clipps notice that her demotion was being considered based on charges that she lacked the judgment necessary to her position, as shown by the fact that she "tickled, touched, hugged and sat on the laps of subordinates." She further received an explanation of the evidence supporting this charge during the civil service commission hearings. These steps did not have to be repeated in the common pleas court. Fuller Clipps had all the notice she was entitled to, and the court properly gave her the opportunity to respond to the charges. Fuller Clipps does not challenge the common pleas court's determination that she would have been demoted even if she had been accorded due process, nor does she complain about the award of nominal damages. The third assignment of error is overruled. We affirm the common pleas court's decision on Fuller Clipps's due process claim.

*Administrative Appeal*

{¶ 13} On remand, the common pleas court concluded that the decision to demote Fuller Clipps was not "unconstitutional, illegal, arbitrary, capricious, unreasonable, nor unsupported by a preponderance of substantial, and probative evidence on the whole record." In a footnote, the court made it clear that this decision was based on both the administrative record and the testimony at the hearing that was held on remand.

{¶ 14} Our review of this decision is limited to questions of law. We do not have "the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147, 735 N.E.2d 433, quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848, fn. 4. Therefore, we may not substitute our judgment for the judgment of either the administrative agency or the common pleas court. Id. "Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court." *Kisil,* fn. 4. We must affirm the common pleas court's decision unless we find, "as a matter of law, that the decision [was] not supported by a preponderance of reliable, probative, and substantial evidence." Id. at 34, 12 OBR 26, 465 N.E.2d 848.

■ {¶ 15} The first assignment of error asserts that the lower court's decision was "unsupported by a preponderance of reliable, probative and substantial evidence." The second assignment of error contends that the common pleas court erred by concluding that the civil service commission's decision was "not unconstitutional, arbitrary, capricious, unreasonable, nor unsupported by a preponderance of reliable, probative and substantial evidence." These two assignments of error effectively raise the same question, so we review them together.

{¶ 16} We hold that as a matter of law, Fuller Clipps's own testimony at the hearing [1] before the common pleas court amply supported the court's decision. Fuller Clipps admitted at the hearing that she had sat on an employee's lap, that she had put her head on an employee's shoulder (feigning weariness), that she had poked employees in the ribs, that she had stood on a chair in the office during a farewell gathering for an employee, that she had hugged an employee, and that she had removed a "speck" from the public service director's hair without his consent. The public service director testified that he believed this behavior demonstrated a lack of judgment necessary to hold a management position. The "groping" complaint that was the initial basis for the disciplinary hearing demonstrates the same lack of judgment.[2] It was not arbitrary or irrational for the civil service commission to conclude that such familiarity with subordinates would undermine a manager's authority and result in employee discomfort and/or misunderstanding. We find, as a matter of law, that the common pleas court's decision was supported by reliable, probative, and substantial evidence in the record as a whole and overrule the first and second assignments of error.

Affirmed.

McMONAGLE and BOYLE, JJ., concur.

■

---

1.  Both parties agree that the court properly considered the evidence presented at the hearing when it decided that a preponderance of reliable, probative, and substantial evidence on the whole record supported the commission's decision to demote Fuller Clipps.

2.  We are not persuaded by appellant's argument that the "groping" complaint was the subject of the suspension decision, and therefore could not also be used to support the decision to demote her. The same conduct may raise more than one concern—in this case, both sexual harassment and lack of judgment—and, concomitantly, may require more than one corrective action.