EILEEN T. GALLAGHER, P.J.:
{¶ 1} Defendant-appellant, city of Cleveland ("Cleveland" or "the city"), appeals a judgment awarding plaintiff-appellee, Linda Card ("Card"), reinstatement to her employment with the city's public works department as well as lost wages, benefits, and attorney fees. Cleveland raises four assignments of error:
1. The trial court's ruling that appellant's termination violated appellee's constitutionally protected right to procedural due process was erroneous as a matter of law.
2. The trial court's award of damages to appellee for a violation of a public employee's procedural due process rights applied the wrong measure of damages as a matter of law.
3. The trial court's award to appellee of an award of her attorney fees pursuant to 42 U.S.C. 1988 must be reversed because in terminating appellee's employment, appellant city of Cleveland did not violate any of her constitutionally protected rights.
4. The trial court's statutory construction of appellant city of Cleveland Civil Service Commission Rule 8.45(A) as proscribing notice to the employee by ordinary mail was erroneous as a matter of law.
{¶ 2} We find merit to the appeal, reverse the trial court's judgment, and remand the case to the trial court for further proceedings.
I. Facts and Procedural History
{¶ 3} Card had worked as a chief clerk in the accounting section of Cleveland's Department of Public Works for eight years when, on July 31, 2008, she slipped and fell down a flight of marble stairs in Cleveland City Hall. She immediately attempted to resume her duties but later went to the emergency room at MetroHealth Medical Center, where she was diagnosed with multiple contusions on the right side of her body. Because the incident occurred at work, the emergency *1070 room staff completed Bureau of Workers' Compensation ("BWC") claim forms. The emergency room physician indicated in the "Physician's Report of Work Ability" that Card could return to work without restrictions on August 4, 2008, four days after the incident.
{¶ 4} However, Card did not return to work on August 4, 2008, because her condition did not improve within four days. On August 5, 2008, Card followed up with her family doctor, Dr. M.P. Patel ("Dr. Patel"), who diagnosed Card with a lumbar sprain, a herniated disc, and multiple contusions on the right side of her body.
{¶ 5} Card called the city's "sick line" to report that she would not be returning to work on August 4, 2008. It is undisputed that she did not call her supervisor, Marilyn Henderson ("Henderson"), to report her absence. (Tr. 25, 62, 64.) According to Henderson, employees of the public works department were required to report their absences directly to their supervisors rather than the city's "sick line." Consequently, several days passed during which Henderson received no explanation for Card's absences from work. Eventually, Kim Johnson ("Johnson"), the city's commissioner of recreation, sent Card a letter dated August 11, 2008, informing her that her continued absence for more than ten days may be construed as an absence without leave ("AWOL") resignation. The letter states, in relevant part:
According to the City of Cleveland policy and procedures[,] an employee who is absent for a period of five (5) consecutive days or more is required to document the reason for his/her absence. Additionally[,] that employee is required to see the City of Cleveland doctor for a return to work appointment. As of this date, you have not submitted to this office documentation to substantiate the reason for your continued absence since August 4, 2008. Currently, you are in AWOL status, and must remit proper documentation in order to maintain you[r] position.
In accordance with Civil Service Rule 8.45, your failure to appear for duty as schedule[d] will be construed as a resignation unless you submit documentation within five days of the date of this letter to explain why you have not notified this office of your absence and your expected return to work date.
Absence without leave is a serious offense. Failing to notify and to provide documentation is deemed as absent without leave resignation. You have until the close of business on Monday, August 18, 2008.
(Joint Notice of Filing Stipulated Record for Hearing, Tab G.) Although Johnson sent the letter to Card via both certified and regular mail, Card claims she never received it. Yet three days later, on August 14, 2008, Dr. Patel faxed a letter to the city, which states:
Dear Sir/Madame,
Ms. Card has been treating in our office since August 5, 2008 for an industrial injury dated July 31, 2008. She is diagnosed with sprain lumbar region, contusion right shoulder, contusion right hip, contusion right lower leg and contusion right knee.
If you have any questions, please feel free to contact my office.
Sincerely,
M.P. Patel, M.D.
(Joint Notice of Filing Stipulated Record for Hearing, Tab I, Exhibit E-1-3.) Dr. Patel also faxed a "Report of Work Ability" report to the city, advising that Card would be able to return to work on August 25, 2008, with restrictions.
{¶ 6} After receiving Dr. Patel's report, the city sent Card a second letter, dated *1071 August 19, 2008, directing her to return to work on August 25, 2008, to start a "new transitional work assignment * * * consistent with the restrictions set by your physician." The letter further advised that "[f]ailure to return to report for duty as directed may result in disciplinary action pursuant to the City of Cleveland's Civil Service Rules and may affect your workers' compensation benefits." Card admitted that she received this letter, which was marked "HAND DELIVER/U.S. MAIL." (Tr. 35, 51.)
{¶ 7} Card did not return to work on August 25, 2008. And instead of reporting her absence to Henderson, Card continued to call the sick line on a daily basis. Card also asked a coworker, Margarita Rodriguez, to communicate to Henderson that she was calling in sick. Neither Card nor Dr. Patel provided any additional documentation regarding her medical condition between August 25, 2008 and September 12, 2008. In a letter dated September 12, 2008, Johnson informed Card that she failed to provide a satisfactory explanation for her continued absences, that her absences were deemed an AWOL resignation, and that Card could appeal the city's decision to terminate her employment. Card appealed the city's decision to the civil service commission ("the commission") and the commission affirmed the termination.
{¶ 8} Subsequent to her termination, Card continued to call the city's sick line on a daily basis. Dr. Patel also sent another "Physician's Report of Work Ability" report dated September 19, 2008, to the city, stating that Card was "totally disabled from work from 08/01/2008 to 10/10/2008."
{¶ 9} Card filed a timely appeal to the common pleas court, arguing that her termination violated her right to due process and was not in compliance with Civil Service Rule 8.45. She also claimed the termination of her employment violated the Ohio Workers Compensation Act ("OWCA") and the Family Medical Leave Act ("FMLA"). The trial court granted the city's motion to dismiss Card's OWCA and FMLA claims on the basis that these claims "were never part of the administrative proceedings before the Civil Service Commission." The trial court also upheld the commission's judgment affirming the city's decision to terminate Card's employment.
{¶ 10} Card appealed to this court and we reversed the trial court's judgment on grounds that the city had failed to file the entire record of the administrative proceedings, and the commission had not issued any findings of fact or conclusions of law. The common pleas court could not provide a meaningful review of Card's claims in the absence of a complete record. Accordingly, we remanded the case to the trial court to reconsider its decisions on all of Card's claims after considering all the evidence.
{¶ 11} On remand, the parties filed a joint stipulated record of the administrative proceedings, which included, among other things, an official transcript of the proceedings before the civil service commission. The trial court also held an evidentiary hearing and heard testimony from Card, Henderson, and Donna-Marie Moris ("Moris"), a human resources administrator for the city.
{¶ 12} After considering all the evidence, the trial court concluded that Card failed to prove that the city violated her rights under either the OWCA or FMLA. However, in a written opinion, the trial court found that Card's termination "was in violation of her procedural due process rights, was in violation of Civil Service Rule 8.45, and was not supported by the preponderance of substantial, reliable, and *1072 probative evidence." The court determined that Card was entitled to reinstatement of her employment as well as lost wages and benefits. After receiving briefs on the issue of damages, the trial court awarded Card $279,400.82 in damages, plus $96,112.50 in attorney fees pursuant to 42 U.S.C. 1988(b) based on its finding of a constitutional violation. The city now appeals the trial court's judgment, and raises four assignments of error, which we discuss out of order for the sake of economy.
II. Law and Analysis
{¶ 13} In an administrative appeal, the common pleas court considers the "whole record," including any new or supplemental evidence admitted pursuant to R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Henley v. Youngstown Bd. of Zoning Appeals , 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). A common pleas court must "not substitute its judgment for that of an administrative board * * * unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. Sandusky , 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).
{¶ 14} In Henley , the Ohio Supreme Court clarified that "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is 'more limited in scope' " than the standard of review applied by the trial court. (Emphasis deleted.) Id. at 147, 735 N.E.2d 433, quoting Kisil at 34, 465 N.E.2d 848. The court explained that R.C. 2506.04
"grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." [ Kisil ] at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. , 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988).
Henley at 147, 735 N.E.2d 433.
{¶ 15} Ultimately, the standard of review we apply in an administrative appeal "permits reversal only when the court of common pleas errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals , 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 30.
A. Procedural Due Process
{¶ 16} In the city's first assignment of error, it argues the trial court erred in finding that its termination of Card's employment violated her right to procedural due process. The city contends that notice by regular mail, as opposed to certified mail, was sufficient to comply with procedural due process requirements.
{¶ 17} As a classified civil servant, Card had a constitutionally protected property interest in her continued employment. Cleveland Bd. of Edn. v. Loudermill , 470 U.S. 532, 539, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ;
*1073 Ohio Assn. of Pub. School Emps., AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. of Edn. , 68 Ohio St.3d 175, 624 N.E.2d 1043 (1994).
{¶ 18} Due process requires that an individual be given notice and an opportunity to be heard before being deprived of any significant property interest. Loudermill at 542, 105 S.Ct. 1487. Thus, due process requires that prior to termination, the classified civil servant must be afforded notice and some sort of "pretermination opportunity to respond." Loudermill at 542, 105 S.Ct. 1487. In Loudermill , the court explained:
The essential requirements of due process * * * are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. * * * The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. * * * To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.
Id . at 546, 105 S.Ct. 1487, citing Friendly, Some Kind of Hearing , 123 U.Pa.L.Rev. 1267, 1281 (1975) ; Arnett v. Kennedy , 416 U.S. 134, 170-171, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), and Goss v. Lopez , 419 U.S. 565, 581, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). Thus, there is no constitutional rule requiring that pretermination notices be provided by certified mail, as long as the employee is afforded an opportunity to be heard before her employment is terminated.
{¶ 19} Although due process requires a pretermination opportunity to be heard, an evidentiary hearing is not required before termination of employment as long as the employee receives a full administrative hearing and judicial review after termination. Washington v. Cleveland Civ. Serv. Comm. , 8th Dist. Cuyahoga No. 94596, 2010-Ohio-5608, 2010 WL 4684803, ¶ 29 ; Kennedy v. Marion Correctional Inst. , 69 Ohio St.3d 20, 630 N.E.2d 324 (1994) ; Local 4501, Communications Workers of Am. v. Ohio State Univ. , 49 Ohio St.3d 1, 3, 550 N.E.2d 164 (1990), cert. denied , 497 U.S. 1025, 110 S.Ct. 3274, 111 L.Ed.2d 783 (1990).
{¶ 20} Card denied receiving Johnson's August 11, 2008 letter. However, Card admitted she received Johnson's letter dated August 19, 2008, warning her that "[f]ailure to return to report for duty as directed [on August 25, 2008] may result in disciplinary action pursuant to the City of Cleveland's Civil Service Rules." Thus, Card received pretermination notice that failure to report to work could result in loss of her employment.
{¶ 21} Obviously, if Card was unable to work, a letter from her doctor explaining her disability would have excused her absence beyond August 25, 2008. However, Card neither reported for work nor provided any documentation from her doctor explaining why an extended absence was necessary beyond August 25, 2008, even though her doctor had indicated she could return to work on August 25, 2008 with restrictions. Thus, Card was afforded an opportunity to explain her continued absences before being terminated, but she failed to take appropriate action. Even if calling into the sick line were an acceptable means of communication, Card's prolonged absence beyond August 25, 2008, necessitated a written explanation from her doctor, especially since he had released her for work with restrictions, and Card received notice that failure to report for work would result in disciplinary action.
*1074 {¶ 22} Furthermore, Card received notice of her appeal rights and pursued an administrative appeal of her termination. She received a full hearing before the civil service commission and an evidentiary hearing in the common pleas court. Therefore, the trial court erred as a matter of law in finding that the city violated Card's right to procedural due process.
{¶ 23} The first assignment of error is sustained.
B. Civil Service Rule 8.45
{¶ 24} In the fourth assignment of error, the city argues the trial court's interpretation that Civil Service Rule 8.45(A) prohibits notice to the employee by ordinary mail was erroneous as a matter of law. The city contends it complied with the requirements of Civil Service Rule 8.45 because Card admittedly received Johnson's August 19, 2008 letter by regular mail. The city also contends it may be presumed, pursuant to "the mailbox rule," that Card received Johnson's August 11, 2008 letter by certified mail and regular mail because Henderson testified that she mailed the letter as both regular and certified mail.
{¶ 25} The city cites Washington , 8th Dist. Cuyahoga No. 94596, 2010-Ohio-5608, 2010 WL 4684803, to support its argument. In Washington , a former Cleveland employee argued the city violated his right to procedural due process because the city failed to afford him adequate notice and a hearing before the city terminated his employment. This court found that the employee received the notice required by Civil Service Rule 8.45 because the city sent letters to him explaining the charges against him and instructing him that failure to report for work would be construed as a resignation. However, the court did not specify whether the city sent the letters by regular or certified mail. The means of delivering the notice were not an issue in Washington as they are in the instant case. Therefore, Washington is not relevant to the notice issues presented in this case.
{¶ 26} Civil Service Rule 8.45 governs AWOL resignations and states that "[a]bsence from duty without leave for ten (10) or more consecutive scheduled work days shall be deemed a resignation from the service of the City by the absent employee." However, before an employee can be terminated as AWOL, the city must comply with the following notice provision set forth in Civil Service Rule 8.45(A):
Prior to deeming an employee resigned for an absence of ten (10) or more consecutive scheduled work days, the appointing authority shall notify the employee personally, in writing or by certified mail directed to the employee's last known address, that his/her unexcused failure to appear for duty as scheduled will be construed as a resignation, unless the employee advises the appointing authority within two (2) weeks of the date of transmittal of the notice of a satisfactory explanation for his/her absence. (Emphasis sic.)
The trial court interpreted this provision to allow only two methods of notification (1) personally, in writing, or (2) by certified mail. In other words, the trial court's interpretation does not allow notice to be given by regular mail.
{¶ 27} We agree with the trial court's interpretation. Where the terms of a rule or statute are clear and unambiguous, the terms should be given their plain and ordinary meaning. M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C. , 2014-Ohio-2537, 14 N.E.3d 1054, ¶ 49. If the commission had wanted to allow notice by regular mail, it could have provided language in the rule to that effect.
*1075 {¶ 28} Additionally, the phrase "in writing" refers to notice provided to the employee "personally." In other words, the city had the option of providing Card written notice in person. The conjunction "or" that follows that option, signifies an alternative method of notification; "by certified mail." Thus, under the plain and ordinary meaning of the rule's language, the city could either notify Card "personally, in writing" or " by certified mail." Regular mail was not an option.
{¶ 29} The city insists Johnson mailed the August 11, 2008 letter to Card by certified mail, but was unable to produce the return receipt, which would have provided conclusive proof of notice by certified mail. Card maintains she never received the August 11, 2008 letter, by certified mail or otherwise, and the city does not claim to have provided notice to Card in person. Without a returned receipt, the trial court was left to determine, based on credibility, whether the city sent Card notice by certified mail and whether she received that notice. In this regard, the court found that "Ms. Card's testimony denying that she received the 8/11/2008 notice has been consistent throughout these proceedings and the court finds her testimony at the 3/18/2016 evidentiary hearing to be credible."
{¶ 30} As previously stated, our review of an administrative appeal is limited to questions of law and we have no power to weigh the evidence. Henley , 90 Ohio St.3d at 147, 735 N.E.2d 433. Indeed, we must not substitute our judgment for that of the trial court "absent the approved criteria for doing so." Id . We must accept the trial court's factual conclusion that Card never received notice by certified mail that her job was in jeopardy.
{¶ 31} The city nevertheless urges us to presume that Card received Johnson's August 11, 2008 letter pursuant to the "the mailbox rule" because she mailed it by both regular and certified mail. "[T]he so called 'mailbox rule' is a common law rule that provides a rebuttable presumption that a letter sent by ordinary U.S. mail is presumed received in due course." Miller v. Plain Dealer Publishing Co. , 8th Dist. Cuyahoga No. 101335, 2015-Ohio-1016, 2015 WL 1255792, ¶ 13. However, since the mailbox rule applies only to service by regular mail, it does not apply to certified mail. And because Civil Service Rule 8.45 does not allow service by regular mail, the mailbox rule is inapplicable.
{¶ 32} Without evidence that the city complied with Civil Service Rule 8.45, the trial court properly concluded that the city violated Civil Service Rule 8.45 when it terminated Card. The city did not violate Card's constitutional right to procedural due process because she received notice of possible disciplinary action and an opportunity to respond prior to her termination and received a full hearing post-termination. However, the letter dated August 19, 2008, that Card admittedly received, failed to comply with Civil Service Rule 8.45 because it was sent by regular mail and failed to expressly notify her that absence of ten or more consecutive days would be construed as an AWOL resignation.
{¶ 33} Accordingly, the fourth assignment of error is overruled.
C. Measure of Damages
{¶ 34} In the second assignment of error, the city argues the trial court awarded the wrong measure of damages for the violation of Card's right to notice. The city contends the mere failure to provide adequate notice is not grounds for reinstatement of employment with several years of back pay, and cites Clipps v. Cleveland , 8th Dist. Cuyahoga No. 86887, 2006-Ohio-3154, 2006 WL 1705130, and *1076 Fritzgerald v. Cleveland Civ. Serv. Comm. , 8th Dist. Cuyahoga No. 101586, 2015-Ohio-609, 2015 WL 759184, to support its argument.
{¶ 35} In both Clipps and Fritzgerald , Cleveland civil service members were charged with violating various civil service rules. The employees were given notice and a pretermination hearing to explain their actions. However, this court reversed the trial court's judgments in both cases and found that the city violated the employees' procedural due process rights because the city considered additional charges against the employees that were not included in the notices provided to the employees before the hearing. Thus, this court found that the employees' procedural due process rights were violated because they did not receive adequate pretermination notice of the additional charges.
{¶ 36} Although Clipps and Fritzgerald involved procedural due process violations, we find their discussion regarding the measure of damages equally applicable to damages resulting from the city's violation of Civil Service Rule 8.45, which merely prescribes additional notice procedures than the minimum requirements of procedural due process. The employees in Clipps and Fritzgerald requested reinstatement of their employment with back pay. This court rejected the requests and held that reinstatement and back pay should not be awarded to a public employee for a due process violation unless there is a finding that the discharge would not have occurred if the employee's procedural due process rights had been observed. Clipps at ¶ 19, Fritzgerald at ¶ 23 ; see also Zinermon v. Burch , 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (in cases where the deprivation would have occurred anyway, and the lack of due process did not itself cause any injury (such as emotional distress), the plaintiff may recover only nominal damages.).
{¶ 37} "Procedural due process rules are meant to protect persons not from the deprivation [of property], but from the mistaken or unjustified deprivation of * * * property." Carey v. Piphus , 435 U.S. 247, 259, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Thus, a plaintiff whose procedural due process rights have been violated is entitled to "nominal damages without proof of injury." Id . at 266, 98 S.Ct. 1042. But where it can be established that the employee would have been fired even if proper notice had been given, then the employee is not entitled to recover damages caused by the firing. Id . at 260, 98 S.Ct. 1042. To hold otherwise, would allow "a windfall, rather than compensation." Id . ; see also Clipps at ¶ 20 ; Brewer v. Chauvin , 938 F.2d 860, 862 (8th Cir. 1991).
{¶ 38} Indeed, to hold that a discharge is invalid simply because there were procedural deficiencies prior to termination would emphasize form over substance and obscure the real issue; i.e., whether there were legitimate grounds for the employee's termination. Clipps at ¶ 20 ; Craig v. Celeste , 646 F.Supp. 47, 51 (S.D.Ohio 1986) ; Green v. Buckeye Lake , 5th Dist. Licking No. 01CA106, 2002-Ohio-2543, 2002 WL 1270892, ¶ 24.
{¶ 39} As previously stated, we reversed the trial court's judgment in Clipps and Fritzgerald due to procedural due process violations. In doing so, we remanded the case to the trial court to conduct an evidentiary hearing to determine if the employees in those cases would have been demoted or terminated even if they had been afforded procedural due process. Id . at ¶ 22. In Clipps , this court specifically held that if the trial court determined that Clipps would have been demoted notwithstanding the due process violation, then *1077 she would not be entitled to reinstatement or compensatory damages, but may be entitled to nominal damages for the deprivation of her due process rights. Id . If, on the other hand, the trial court found she would not have been demoted if she had been afforded her due process rights, the trial court was instructed to make a determination as to the reinstatement, back pay, and benefits she requested. Id . ; see also Fritzgerald , 8th Dist. Cuyahoga No. 101586, 2015-Ohio-609, 2015 WL 759184 at ¶ 23.
{¶ 40} As previously stated, the trial court concluded not only that the commission's decision to uphold Card's termination was in violation of Civil Service Rule 8.45 and procedural due process, but also that the commission's decision "was not supported by the preponderance of substantial, reliable, and probative evidence." However, this conclusion is based solely on the trial court's conclusion that Card's procedural due process rights and rights under Civil Service Rule 8.45 were violated. In fact, the trial court suggests that Card was entitled to reinstatement with back pay simply because there was no proof that she received Johnson's August 11, 2008 letter. (Trial Court's Opinion p. 7.)
{¶ 41} The trial court's seven-page opinion focuses solely on the notice requirements and the lack of evidence that Card received notice. It ignores the undisputed fact that although Card's treating physician advised the city that Card could return to work on August 25, 2008, with restrictions, Card never returned to work and failed to provide additional documentation from her physician to explain why she was unable to return to work at that time. Card admitted she received Johnson's August 19, 2008 letter advising her that "[f]ailure to return to report for duty as directed may result in disciplinary action pursuant to the City of Cleveland's Civil Service Rules * * *," and apparently chose to ignore it.
{¶ 42} This evidence suggests Card may have been terminated even if she had received Johnson's August 11, 2008 letter, but the trial court never considered this fact. Therefore, the trial court erred in awarding reinstatement with back pay and other benefits. In accordance with Clipps and Fritzgerald , the trial court erred in failing to consider whether Card would have been terminated even if she received notice as required by Civil Service Rule 8.45 before awarding reinstatement with back pay. If so, Card would not be entitled to any damages, even nominal damages, because there was no constitutional due process violation, only a civil service rule violation.
{¶ 43} Accordingly, the second assignment of error is sustained.
D. Attorney Fees
{¶ 44} In the third assignment of error, the city argues the trial court erred in awarding Card attorney fees pursuant to 42 U.S.C. 1988(b). The city argues that Card is not entitled to attorney fees because she did not suffer a constitutional deprivation of her procedural due process rights and because she failed to bring a civil rights claim pursuant to 42 U.S.C. 1983.
{¶ 45} Under 42 U.S.C. 1988(b), a court may, in its discretion, award reasonable attorney fees to the "prevailing party" in an action brought under to 42 U.S.C. 1983 (" Section 1983"). Section 1983 creates a cause of action for persons whose federal rights have been violated by governmental officials if the person can establish that "(1) the conduct in controversy [was] committed by a person acting under color of state law, and (2) the conduct * * * deprive[d] the plaintiff of rights, privileges or immunities secured by the Constitution or *1078 laws of the United States." St. Clair Corp. v. Cleveland , 49 Ohio St.3d 33, 34, 550 N.E.2d 456 (1990).
{¶ 46} However, in order to prevail on a Section 1983 claim and be entitled to attorney fees, the plaintiff must have alleged a violation under 42 U.S.C. 1983 in the complaint. Pursuant to Civ.R. 8(A), the complaint must set forth sufficient operative facts to give fair notice of the nature of the action and relief sought by the plaintiff. Moncrief v. Bohn , 2014-Ohio-837, 9 N.E.3d 508, ¶ 22 ; Maine v. Boardman Police Dept. , 7th Dist. Mahoning No. 05-MA-185, 2006-Ohio-4954, 2006 WL 2716457, ¶ 32.
{¶ 47} Additionally, the Ohio Supreme has held that
[a] complaint alleging Section 1983 as the basis for the action must meet two requirements. First, there must be an allegation that the conduct in question was performed by a person under color of law. Second, the conduct must have deprived appellee of a federal right.
Cooperman v. Univ. Surgical Assocs., Inc. , 32 Ohio St.3d 191, 199, 513 N.E.2d 288 (1987).
{¶ 48} Card's complaint makes no mention whatsoever of 42 U.S.C. 1983, nor does it allege that her due process rights were violated "by a person under color of state law." Her claim for reinstatement to her former position with back pay was filed as an administrative appeal as opposed to a separate cause of action. Although the complaint seeks "reasonable attorney fees for the prosecution of this action as provided for in the FMLA," and "attorney fees" generally, it does not provide any notice that Card was seeking attorney fees under 42 U.S.C. 1988(b) for a Section 1983 claim. Therefore, because the complaint fails to comply with the notice requirements of Civ.R. 8(A) and fails to state a claim for relief under Section 1983, Card was not entitled to attorney fees under 42 U.S.C. 1988(b).
{¶ 49} Moreover, because there was no due process violation, Card was not deprived of a federal right. Card's rights under Civil Service Rule 8.45 are not federal rights.
{¶ 50} Accordingly, the third assignment of error is sustained.
III. Conclusion
{¶ 51} The city did not violate Card's procedural due process rights because it provided her notice and an opportunity to be heard prior to her termination. However, it violated Civil Service Rule 8.45, which required that Card receive notice by certified mail that absences of ten or more consecutive work days would be construed as an AWOL resignation.
{¶ 52} Additionally, the trial court erred in awarding Card reinstatement to her former position with back pay based solely on the civil service rule violation without considering whether Card would have been terminated even if she had received the required notice. And since Card failed to allege a civil rights claim under 42 U.S.C. 1983, she was not entitled to attorney fees under 42 U.S.C. 1988(b).
{¶ 53} The trial court's judgment is reversed. We remand the case to the trial court solely for the purpose of determining whether Card would have been terminated even if she had received notice under Civil Service Rule 8.45.
PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR