[Cite as *Cunningham v. Brown*, 2024-Ohio-1100.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

TARON CUNNINGHAM,

Plaintiff-Appellant,

v.

JAMAEL TITO BROWN et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0062**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 00071

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. S. David Worhatch*, Law Offices of S. David Worhatch, for Plaintiff-Appellant and

*Atty. James A. Climer, Atty. Frank H. Scialdone*, Mazanec, Raskin & Ryder Co., L.P.A. for Defendants-Appellees.

Dated:  March 18, 2024

**Robb, P.J.**

{¶1} Appellant Taron Cunningham appeals after the Mahoning County Common Pleas Court, in an administrative appeal, affirmed the decision of the Youngstown Civil Service Commission, which upheld the employment termination decision made by Mayor Jamael Tito Brown for the City of Youngstown. Previously, the trial court vacated a commission decision and remanded for the mayor to issue a removal order that complied with a civil service rule requiring the city to "state the reasons" for removal. The mayor amended the removal order to specify various reasons for Appellant's termination, prompting Appellant's current round of appeals.

{¶2} First, Appellant contends the initial trial court's decision remanding for the mayor to issue a compliant removal order necessarily required Appellant's reinstatement with back pay from the date of the first removal order until the date of the amended removal order. He argues the failure to specify the reasons for termination in the first removal order rendered it "void ab initio" so that he was not actually terminated until the amended removal order added specific reasons.

{¶3} If this argument fails, Appellant contends the earlier remand could not authorize amendment of the removal order to add the grounds already presented at the first hearing because a civil service rule says "no material amendment" can be made to the removal order after the employee appeals to the commission. From this, he alternatively reasons the amended removal order was improperly upheld and should be eliminated, claiming this would entitle him to reinstatement from the date of the non-compliant first removal order with back pay continuing through the current day.

{¶4} If his first two arguments fail, Appellant argues he was entitled to reinstatement from the date of the first removal order through the date of the amended removal order because a removal order is only effective if it is directed at an employee. From this, he reasons he must have been an employee when the amended removal order was issued. For the following reasons, the trial court's decision is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶5} In November 2017, Appellant was hired as a deputy director in the City of Youngstown's Community Planning and Economic Development Department. In January

2019, the city's law director provided Appellant with a pre-disciplinary letter disclosing the city was considering the termination of his employment. The letter negatively referred to his employment history and pattern of conduct at work, including an inability to adhere to workplace policy and rules, incompetence, poor communication skills, misrepresenting facts in the course of work, temperamental and retaliatory behavior, general insubordination, and failing to provide sufficient guidance to employees under his supervision.

{¶6} The letter then further specified the allegations under review as including the following five category headings: (1) "Your supervisor and staff have had multiple encounters wherein you have made statements during the course of business and later deny the statements were made or you have parsed words and attack others and their accounting of a conversation with you"; (2) "You have exhibited behavior characterized as belligerent and hostile when being called to task and accountability. On several occasions you have exhibited hostile behavior to your supervisor and staff"; (3) "You have failed to meet critical deadlines that are mandatory from the funding agency, HUD. Further, you do not respect or adhere to deadlines and assignments given by * * * Department Head. You do not adhere to other department deadlines"; (4) "You have attempted to take impermissible action or lacked an understanding of programming creating a hindrance to the functions of the office"; and (5) "Your written and verbal communication skills are challenging to decipher and have presented a regular impediment to workflow."

{¶7} Under each of these headings, the pre-disciplinary letter provided dated examples. The letter also provided notice of the opportunity to be heard in writing or in person to offer evidence and arguments. Appellant requested and attended an oral hearing. At this pre-disciplinary hearing, the charges were reviewed while Appellant was represented by his attorney.

{¶8} On March 8, 2019, the mayor issued a removal order, stating: "Upon review of the evidence presented at your pre-disciplinary hearing and after providing you a full opportunity to be heard, it is my decision to terminate your employment with the City of Youngstown effective immediately." The removal order explained the right to appeal to the commission, and Appellant did so.

{¶9}    At the hearing before the commission, Appellant's attorney challenged the sufficiency of the removal order.  A month after the hearing, a different attorney entered a limited appearance on behalf of Appellant and moved to bifurcate the proceedings.  He asked the commission to hold a separate hearing on the merits of the termination decision if the commission rejected Appellant's initial argument on the deficient content of the removal order.  The commission rejected this request, pointing out the motion was filed after the close of the hearing.

{¶10}   On July 22, 2019, the commission issued a decision affirming the city's termination decision.  The commission concluded the wording in the removal order sufficiently afforded Appellant due process regarding the reasons for termination because it referred to the evidence presented at the hearing and because he received a lengthy list of reasons in the pre-disciplinary letter before the hearing which reasons were reviewed "point by point" at the hearing.  *See Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. * * * To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.").  In overruling Appellant's challenge to the removal order, the commission observed that although the specific reasons were not recited in the removal order, it was "incomprehensible" to argue Appellant was unaware of the reasons for his termination and in fact he "well knew the reasons for his termination both as a matter of substance and procedure."

{¶11}   Appellant filed a timely administrative appeal to the trial court, resulting in Mahoning County Common Pleas Court Number 2019 CV 1556.  The first argument in Appellant's brief in the first trial court case alleged the removal order failed to comply with Youngstown Civil Service Commission Rule VIII because the order failed to specify the reasons for termination.  His second argument challenged the commission's rejection of his request for bifurcation (wherein he sought an additional hearing on the merits of the termination).

{¶12}   The trial court agreed with Appellant's first argument, finding that although Appellant may have been afforded due process as found by the commission, the removal

order did not comply with the commission's rule.  The court vacated the commission's 2019 decision and remanded in order to allow the city "to issue a compliant order of removal" and in order to "afford Appellant a full hearing should he choose to appeal" the removal order.  (2/26/20 J.E.).  The trial court noted its decision (affording a second commission appeal from the amended removal order) rendered moot Appellant's second argument (requesting a new hearing before the commission).

**{¶13}** The trial court also addressed a request for reinstatement with back pay contained in the conclusion of Appellant's brief.  It was pointed out a terminated civil service employee is not entitled to damages if he would have been fired regardless of the cited procedural defect, citing *Card v. City of Cleveland*, 2017-Ohio-7173, 95 N.E.3d 1066, ¶ 37-38 (8th Dist.) (refusing to elevate form over substance or obscure the real issue of whether there were legitimate grounds for termination), citing *Carey v. Piphus*, 435 U.S. 247, 259, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).  The trial court therefore concluded the remedy requested by Appellant was not ripe, as it was not an available remedy for the mere existence of the procedural issue found in the case.

**{¶14}** On March 12, 2020, the mayor issued an amended removal order setting out the specific reasons for termination as instructed on remand.  This removal order recited the pre-disciplinary letter's five headings (quoted above) with dated examples under each as contained in the pre-disciplinary letter.  The order also referred to Appellant's employment history, citing to three prior disciplinary actions (4/24/18 warning; 5/17/18 one-day suspension; 9/24/18 three-day suspension).  Appellant appealed to the commission.

**{¶15}** Appellant also filed a motion for relief from the February 26, 2020 judgment in the trial court while also appealing that judgment entry to this court.  We dismissed the appeal for lack of a final appealable order, opining Appellant's substantial rights were not yet affected by the trial court's remand.  7th Dist. No. 20 MA 45 (6/22/2020 J.E.) (2/14/21 reconsideration denied).  After our dismissal of the appeal, the trial court denied the pending motion for relief from judgment.  Appellant's appeal of that decision was dismissed by this court upon pointing out his motion asked the trial court for reconsideration and a motion for relief from judgment must relate to a final appealable order.  7th Dist. No. 21 MA 53 (10/19/21 J.E.).

{¶16} After those intervening proceedings, the commission held a three-day hearing where Appellant and city witnesses testified. On December 15, 2021, the commission issued a decision affirming the city's termination decision. In doing so, the commission rejected Appellant's assertion that the termination was not supported by substantial, reliable, and probative evidence. The commission also rejected his contention that the amended removal order violated Youngstown Civil Service Commission Rule XII(3), which disallows a "material amendment" to the removal order after a notice of appeal is filed with the commission.

{¶17} Appellant filed an administrative appeal to the common pleas court, which resulted in Mahoning County Common Pleas Court Number 2022 CV 71. The case was assigned to the same courtroom as the 2019 administrative appeal; however, the judge recused himself, and the case was transferred to another judge. Appellant filed a motion to consolidate the new case with the prior case. The court denied the motion, stating the cases could not be "consolidated" because the 2019 case was closed; still, the court pointed out the new case was considered a "refile" of the prior case. (4/26/22 J.E.). The court also took judicial notice of and incorporated the record certified in the prior case. (4/27/22 J.E.).

{¶18} In his administrative appeal to the trial court, Appellant argued he should have been reinstated with back pay as a result of the trial court's remand judgment because if the initial removal order was invalid for violating Rule VIII by failing to specify reasons, then he was never actually removed. (6/23/22 Mot.); (7/27/22 Brief). As to the amended removal order, he claimed Rule XII and his due process rights were violated by allowing a "material amendment" to the removal order. He also argued the termination decision was not supported by the evidence.

{¶19} On April 18, 2023, the trial court affirmed the commission's decision thereby affirming the city's termination of Appellant's employment effective March 8, 2019. The court found the termination decision was supported by reliable, probative, and substantial evidence. The court also ruled Appellant was not entitled to reinstatement merely due to the failure to list specific reasons in the first removal order, finding no due process violation and no damages. On the amended removal order, the court pointed out the mayor's amendment was pursuant to the court's prior remand instructions to issue a

removal order with specific reasons in compliance with Rule VIII. The trial court concluded the resulting amendment was not a due process violation or a violation of Rule XII because the addition of the specific reasons already reviewed with Appellant at the pre-disciplinary hearing would not constitute a material amendment to the removal order (where the initial removal order said it was based on the reasons reviewed at the hearing, which were also disclosed in a lengthy pre-disciplinary letter).

{¶20} Appellant filed the within appeal.[1] Appellant's brief sets forth three assignments of error, each claiming he was entitled to reinstatement with back pay under a different theory challenging the validity of the removal orders. As Appellant's brief points out, he does not challenge whether the evidence supported the termination decision (which argument would have involved our deferential review of the prior decisions). In replying to Appellee's brief (jointly filed by the mayor, the city, and the commission), Appellant claims the facts regarding his termination should not even be mentioned because his brief challenged only the legal ramifications of the remand judgment and the existence or the effect of rule violations in issuing the removal orders.

{¶21} Appellant's brief points out the standard of review for an administrative appeal that raises purely legal issues is de novo. *Lang v. Dir., Ohio Dept. of Job & Family Servs.*, 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636, ¶ 12. He believes the trial court exceeded its authority under R.C. 119.12(M) by not acting "in accordance with law" when considering the remedy for or ramifications of the non-compliant removal order or the amended removal order. *See* former R.C. 119.12(M), now (N) (besides determining if the commission's decision is supported by reliable, probative, and substantial evidence, the trial court must determine if the order "is in accordance with law" and if not, the court "may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law").

## ASSIGNMENT OF ERROR ONE

{¶22} Appellant's first assignment of error alleges:

---

[1] At the same time, Appellant filed a separate notice of appeal from the February 25, 2020 remand judgment and the May 10, 2021 judgment denying relief from judgment; however, we dismissed that appeal as repetitive. 7th Dist. No. 23 MA 61 (8/1/23 J.E.). We noted the cited interlocutory orders were addressed and incorporated in the trial court's April 18, 2023 final appealable order, which was appealed the same day (and which resulted in the current appeal). Due to our dismissal of that appeal, Appellant's request to file an amended brief (with a page extension) was granted in the case at bar.

"Since the judgment that vacated the Commission's decision to affirm the Mayor's first removal order in the First Civil Service Appeal had the effect of simultaneously vacating the removal order itself so that Cunningham, as a matter of law, never was removed from his job in accordance with the City's civil service laws, the court below erred when it did not reverse or modify the Commission's decision in the Second Civil Service Appeal and require Cunningham to be reinstated with back pay and benefits at least from March 8, 2019 through March 11, 2020."

**{¶23}** This assignment of error revolves around the city's first removal order and the effect of the February 26, 2020 remand by the trial court after finding that removal order did not comply with Rule VIII. Appellant frames his argument as presenting an issue with the following decisions: the February 26, 2020 judgment remanding for an amended removal order while opining Appellant was not entitled to reinstatement and back pay merely due to the lack of reasons in the removal order (and stating he could only be entitled to this remedy if the reasons for termination were eventually found to be unsupported by the evidence); the trial court's denial of relief from that judgment; and the second stage of proceedings in the commission and trial court (where he argued he was entitled to reinstatement and back pay for the time between the two removal orders).

**{¶24}** Initially, Appellant cites the following provision in section 1 of Rule VIII: "No person in the classified service shall be * * * removed by the Appointing Authority for * * * any other reason not connected with the proper performance of the duties of the position." Yo.Civ.Serv.R. VIII(1). Then, he emphasizes section 2 of the rule, which provides: "the Appointing Authority shall furnish the involved classified employee with a copy of the * * * removal, which shall state the reasons therefor[ ]. Such orders shall be filed with the Civil Service Commission." Yo.Civ.Serv.R. VIII(2).

**{¶25}** Reading these sections of Rule VIII together, Appellant concludes an employee has a substantive right to continued employment if a removal order is found to lack strict compliance with section 2 for failing to specify the reasons for termination. He says the mandatory language ("shall state the reasons") is more than a procedural requirement and thus an employee is not actually terminated by a removal order that is not considered to be (what he calls) a "qualifying" removal order. The trial court's February 26, 2020 judgment found the first removal order failed to comply with Rule VIII(2)

and vacated the commission's decision.[2] Appellant contends the trial court's vacation of the commission's decision necessarily vacated and nullified the city's removal order, rendering the first removal order "void ab initio" and thus non-existent. From this, he concludes he was never actually removed (until a removal order was issued that satisfied Rule VIII). He thus argues he was automatically entitled to reinstatement and back pay from March 8, 2019 (the date of the first removal order) until March 11, 2020 (the day before the second removal order, which listed the reasons for removal).

{¶26} In response, Appellees argue a procedural rule deficiency in the removal order, such as a lack of specific reasons, does not render the termination void or otherwise automatically entitle Appellant to reinstatement. The parties dispute whether various cases are distinguishable from the situation here.

{¶27} For instance, a case cited by the trial court involved students who had been suspended without procedural due process. *Carey v. Piphus*, 435 U.S. 247, 251, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). In order to recover more than nominal damages (of $1) in an action under 42 U.S.C. 1983, the students were required to show they would have not been suspended if they had received procedural due process or that they suffered an actual injury; i.e., they could not recover merely because a procedural right was violated. *Id.* at 260-261, 266-267. If it were to be established on a remand that the students would have been suspended even if proper notice had been given, then they would not be entitled to damages caused by the suspension. *Id.* at 260 (observing it would result in "a windfall, rather than compensation" to rule otherwise). The Supreme Court specifically disagreed with courts that expressed "a contrary view in cases where public employees holding property interests in their jobs were discharged with cause but without procedural due process." *Id.* at fn. 15. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Id.* at 259.

---

[2] Appellant notes the city does not challenge the correctness of the February 26, 2020 common pleas court judgment remanding and finding the city failed to comply with the rule requiring the statement of the charges to state the reasons for termination (such as to argue it was sufficient for the removal order to generally say the reason for termination was the "review of the evidence presented at your pre-disciplinary hearing" because a detailed pre-disciplinary letter was provided before the hearing and then reviewed at the hearing).

**{¶28}** In an Eighth District case, the court found the city's use of regular mail to send a pre-termination letter failed to comply with a local civil service commission rule requiring the letter to be personally handed to the employee or served by certified mail "[p]rior to deeming an employee resigned for an absence." *Card v. City of Cleveland*, 2017-Ohio-7173, 95 N.E.3d 1066, ¶ 26 (8th Dist.) (where the rule also said the letter shall disclose a ten-day absence will be construed as a resignation unless the employee provides a satisfactory explanation within a certain time period). The court recognized the classified civil servant's constitutionally protected property interest in the right to continued public employment. *Id.* at ¶ 17, citing *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 539, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Ohio Assn. of Pub. School Emps. v. Lakewood City School Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 624 N.E.2d 1043 (1994). However, the Eighth District concluded the termination did not violate the employee's due process rights, noting there is no constitutional right to pre-disciplinary notice to be provided by a certain method, as long as the employee was afforded notice of an opportunity to be heard before her employment was terminated. *Id.* at ¶ 18 (where the employee acknowledged receiving a warning letter and attended hearings without explaining her absence).

**{¶29}** The *Card* court pointed out the district's precedent holds: "reinstatement and back pay should not be awarded to a public employee for a due process violation unless there is a finding that the discharge would not have occurred if the employee's procedural due process rights had been observed." *Id.* at ¶ 36, citing *Clipps v. Cleveland*, 8th Dist. Cuyahoga No. 86887, 2006-Ohio-3154 and *Fritzgerald v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 101586, 2015-Ohio-609. "[T]o hold that a discharge is invalid simply because there were procedural deficiencies prior to termination would emphasize form over substance and obscure the real issue; i.e., whether there were legitimate grounds for the employee's termination." *Id.* at ¶ 38, citing, *e.g.*, *Green v. Buckeye Lake*, 5th Dist. Licking No. 01CA106, 2002-Ohio-2543, ¶ 24. Accordingly, the *Card* court concluded the employee was not entitled to reinstatement as a mere result of the city's failure to comply with the civil service rule providing "additional notice procedures" beyond those required by due process; "where it can be established that the employee would have been fired even if proper notice had been given, then the employee

is not entitled to recover damages caused by the firing." *Id.* at ¶ 36-37, 42, citing *Carey*, 435 U.S. at 260.

**{¶30}** Here, citing *Carey*, the trial court found Appellant was not denied due process by the procedural deficiency in the first removal order. The court additionally observed there was evidence to support his termination (which was before the commission both before and after the court's remand for a compliant removal order) and thus no damages were sustained. Appellant attempts to distinguish the cited cases saying he is not raising an issue with the pre-disciplinary due process he received and instead contends he maintained a substantive right to continued employment due to the insufficient removal order he calls a nullity. However, Appellant's attempt to distinguish a pre-disciplinary rule violation from a rule violation occurring upon termination is unavailing; the application of the legal principles is not discernibly different.

**{¶31}** Appellant was provided a full and lengthy pre-disciplinary notice of the charges supporting his termination. He appeared at an oral hearing with legal representation where those charges were reviewed. He was provided notice of termination via the first removal order, which stated the reasons for his termination were those discussed at the pre-disciplinary hearing. He filed a timely appeal to the commission, where he argued the removal order lacked reasons. After a full hearing, the commission rejected this argument and affirmed the termination decision. On appeal of that decision, a trial court vacated the commission's decision and remanded to allow the city to issue a rule-compliant removal order due to the perceived violation of a local civil service rule requiring the removal order, to state the reasons for the termination. Upon receiving the amended removal order, Appellant was provided a second opportunity to challenge his termination through an appeal and an evidentiary hearing in the commission.

**{¶32}** Although the trial court remanded and vacated the commission's original decision, the judgment did not purport to vacate the removal. Just as a prisoner is not entitled to immediate release when a sentencing judgment fails to state the method of conviction, an employee is not entitled to reinstatement merely because a removal order fails to list the specific reasons previously detailed in the pre-disciplinary letter and reviewed at the pre-disciplinary hearing. *See, e.g., McAllister v. Smith*, 119 Ohio St.3d

163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 9-10 (rather the entry is merely subject to correction on remand).  We also note the procedural issue in the administrative proceedings did not prevent Appellant from timely appealing the removal order.

**{¶33}** Contrary to Appellant's argument that a vacated judgment is a nullity (as if it never existed), a judgment is not rendered "void ab initio" merely because it was found to have insufficiently stated reasons required by a rule.  For instance, it has been explained that where the entity issuing the order has jurisdiction over the subject matter and the person, an error in exercising that jurisdiction does not render a judgment void. *See, e.g., Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 18.  Moreover, a remand from a reviewing court with instructions for the city to add content to the order does not render the remanded order a nullity, as if the termination never occurred so as to automatically reinstate the employee.

**{¶34}** Finally, the fact that a civil servant may have a substantive right to continued employment if "removed by the Appointing Authority for * * * any other reason not connected with the proper performance of the duties of the position" (under section 1 of Rule VIII) does not equate to a substantive right to stay employed despite termination based on a valid reason merely because the removal order (provided to the employee and filed with the commission) lacked certain contents described in section 2 of that rule. Neither of the sections relied upon by Appellant provide that the employee shall retain his position until removed in accordance with section 2.  *Compare Card*, 95 N.E.3d 1066 at ¶ 26 (where the rule specifically said the notice must be provided by certain methods "[p]rior to deeming an employee resigned for an absence" and still the court found the employee was not entitled to reinstatement for the city's violation of the rule's requirement on service of the notice).  Upon consideration of the arguments and authorities set forth by Appellant, we overrule the first assignment of error and conclude the argument that he is entitled to reinstatement (with back pay) from the date of the first removal order through the date of the amended removal order is without merit.

ASSIGNMENT OF ERROR TWO

**{¶35}** Appellant's second assignment of error, which he conditions on our overruling his first assignment of error, contends:

"If the judgment entered in the First Administrative Appeal did not have the effect of simultaneously vacating the Mayor's first removal order itself, the court below exceeded the limits on its remedial authority in adjudicating an administrative appeal under O.R.C. §119.12(M) when it did not reverse the Commission's decision in the Second Civil Service Appeal and disaffirm the Mayor's second removal order and instead allowed the Commission to engage in or permit conduct on remand that the agency itself was powerless to allow by operation of Rules VIII and XII of the City's civil service rules."

**{¶36}** The second assignment of error is set forth in the event this court overrules the first assignment of error by finding the first removal order was not void. Appellant theorizes if the removal was not void for being non-compliant with Rule VIII, then its alteration by the city's issuance of the amended removal order was in violation of a different rule. Youngstown Civil Service Commission Rule XII(3) contains the following clause: "After a notice of appeal is filed with the Commission in a disciplinary matter, no material amendment can be made to the statement of the charges made at the time of the demotion, suspension, or removal."

**{¶37}** From this, Appellant contends the 2019 remand from the trial court could not validly authorize the city's amendment of the removal order to add the specific grounds reviewed with him at the pre-disciplinary hearing because this would constitute a "material amendment" in violation of Rule XII(3). He therefore concludes the amended removal order was improperly upheld in the second round of appeals to the commission and trial court. He believes this argument would entitle him to reinstatement with back pay from the date of the first removal order (which was non-compliant with Rule VIII) through the current day (alleging there is still no valid removal order).[3]

**{¶38}** Initially, we observe that section 3 of Rule XII deals with "Hearings and Appeals" before the commission, and the sentence relied upon by Appellant prohibits a "material amendment" to the "*statement of the charges* made at the time of * * * dismissal." (Emphasis added.) The next sentences in the same paragraph state: "If the appellant files with the removing officer a written reply to the charges, such reply may not be

---

[3] Although the second assignment of error asks for an even longer (and continuing) period of back pay than the first assignment of error, Appellant states we need not address the second or third assignments of error if we sustain his first assignment of error, find the first removal order void, and reinstate him with back pay (and retroactive restoration of benefits) from March 8, 2019 through March 11, 2020.

materially amended. In all cases, the issues involved shall be confined to the truth or falsity of the allegations in the statement of the charges." Yo.Civ.Serv.R. XII(3). *Compare* Yo.Civ.Serv.R. VIII(2) (dealing with the city's removal "Procedure" and requiring the city to furnish the employee "a copy of the * * * removal, which shall state the reasons").

**{¶39}** One could argue the material amendment language in Rule XII(3) is inapplicable to the removal order because the rules distinguish between the pre-disciplinary statement of charges and the removal order. This argument could be supported by the fact that an employee's filing of a pre-disciplinary reply with the city would no longer serve a purpose upon the issuance of a removal order. On the other hand, the rule's reference to "statement of the charges" is modified by the phrase "made at the time of dismissal" (suggesting it is a reference to the "copy of the * * * removal" referred to in Rule VIII).

**{¶40}** The entire paragraph in Yo.Civ.Serv.R. XII(3) was quoted by the trial court in disposing of Appellant's "material amendment" argument. Nevertheless, the trial court did not voice the implications of Rule XII(3) referring to a *statement of the charges* and an employee's reply filed *with the city*. We also recognize that Appellees do not make the argument that Rule XII(3)'s material amendment language is inapplicable to a removal order.

**{¶41}** In any event, the trial court properly agreed with the commission's finding that the amendment of the removal order made no material changes to the "statement of the charges" made at the time of dismissal and was issued to comply with the instructions in the original trial court's remand order. (4/18/23 J.E. at 7). To recap, after Appellant appealed the amended removal order, the commission rejected his argument about the city violating Rule XII by "materially" amending the removal order. The commission construed the first removal order as incorporating the reasons for removal by reference to the pre-disciplinary hearing where Appellant was given a full opportunity to be heard (on the charges reflected in the prior lengthy statement of the charges), and the commission construed the amendment to the removal order as merely specifying the reasons already intended to be incorporated in the first order.

**{¶42}** Appellees say the commission and the trial court correctly ruled the city's issuance of the amended removal order was not a "material amendment" under Rule XII

because the addition of the grounds previously provided to Appellant in no way changed his position. (12/15/21 Commission Dec. at 8, citing *Mirriam-Webster Dictionary* for the general definition of "material"). Appellees point out there was no surprise to Appellant in the amended removal order. They emphasize Appellant had already been provided specific reasons with dated examples in the pre-disciplinary letter, these charges were reviewed with him and his attorney at the pre-disciplinary hearing where Appellant offered minimal explanation, and the initial removal order informed him he was terminated based on the evidence presented at that hearing.

**{¶43}** Appellant says a purpose of the rule requiring the memorializing of the reason for the disciplinary action is to provide a double-jeopardy-like protection to the employee in order to prevent the city's attempt to issue a "string of removal orders" on the same grounds presented at a prior disciplinary action. He complains the reasons in the amended removal order mirrored those in the letter he received before the pre-disciplinary hearing and contends without support that any second attempt to terminate his employment could only be based on reasons for termination *different* from the reasons addressed at the pre-disciplinary hearing (and intended to be encompassed by the first removal order). He claims the city would have been required to uncover additional prior conduct justifying his termination in order to fire him after the remand.

**{¶44}** Appellant's interpretation would force the city into an untenable position where they would be forced to retain, discipline free, an employee who has been proven in pre-disciplinary proceedings to fully merit removal, merely due to a procedural error in the removal order. The city would never be able to fire the employee for any of the reasons that support the defective removal order. Unless and until that employee committed new acts of misfeasance or malfeasance, his/her past infractions would go unpunished and his/her job would be secure. This is the very definition of promoting form over function and is wholly unsupported by the law. Appellant's removal order was remanded to specifically include those reasons already provided to Appellant that supported removal. The second removal order reflected  just that. No material changes were made and none were required.

**{¶45}** A detailed statement of the charges was provided to Appellant before the disciplinary hearing, the charges were then reviewed with him and his counsel at that

hearing, the removal order informed him he was removed based on that evidence, and the removal order was served on Appellant and filed with the commission. Appellant filed a timely appeal from the first removal order. We note this is not a situation where the employer failed to provide a removal order causing the employee to miss the deadline to appeal to the commission. Appellant acknowledges the statement of charges, provided to him before and at the hearing, was relied upon by the city when deciding to terminate him. The insertion of the specific reasons from the pre-disciplinary letter into the removal order was not a material amendment.

**{¶46}** *Additionally and in any event*, this case was remanded from the trial court for the city's amendment of the removal order to comply with Rule VIII upon Appellant's invitation to find the commission erred by failing to require compliance with the rule. The trial court pointed out its remand would afford Appellant a second chance for a full hearing on the reasons for his termination before the commission if he chose to appeal the amended removal order. *This judgment placed the stage of the case back in time, before the notice of appeal to the commission.* Hence, even assuming Rule XII might apply here, the city was not amending the removal order "[a]fter the notice of appeal" but was amending the removal order before a notice of appeal, as specifically anticipated by the trial court.

**{¶47}** Accordingly, Youngstown Civil Service Commission Rule XII was not violated by the city's issuance of the amended removal order, and this assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

**{¶48}** Appellant's final assignment of error alleges:

"Even if the judgment entered in the First Administrative Appeal did not simultaneously vacate the Mayor's March 8, 2019 removal order and Rule XII of the City's civil service rules cannot be construed to support the entry of judgment in Cunningham's favor in the Second Administrative Appeal, the court below nonetheless erred in failing to require Cunningham's reinstatement with back pay and benefits retroactively from March 8, 2019 through March 11, 2020, as the Mayor's March 12, 2020 removal order could be effective only if directed at an employee on the City's payroll as of that date."

**{¶49}** If his first two arguments fail, Appellant claims he was also entitled to reinstatement from the date of the first removal order through the date of the amended removal order because a removal order is only effective if directed at an employee on the payroll. Youngstown Civil Service Commission Rule VIII(2) states the city shall "furnish the classified employee with a copy" of the removal order. From this, Appellant concludes an attempt to issue a removal order to a person no longer on the payroll would lack compliance with the civil service rules. He therefore reasons that in order for the amended removal order to be valid, he necessarily had the status of an employed civil servant on the date of its issuance.

**{¶50}** Appellees observe there is no legal authority to support this theory, especially under the current circumstances where the amendment was made only pursuant to court remand. Regardless, Appellees emphasize Appellant failed to raise this argument below and thus waived it for purposes of appeal.

**{¶51}** Appellant replies by contending he essentially raised the general argument as to whether he was an employee on March 12, 2020 by claiming he was entitled to reinstatement from March 8, 2019 through March 11, 2020. However, this claim was based on his argument that the first removal order was a nullity.

**{¶52}** The particular contention now raised in Appellant's third assignment of error was not raised in Appellant's argument below. There was no indication he claimed the second order necessarily changed his employment status by its mere issuance because removal orders can only be issued to employees.

**{¶53}** Appellant's reply also urges the waiver doctrine is not absolute, especially where an argument was implicit in the argument presented below, claiming the court must necessarily resolve his status as an employee from March 8, 2019 through March 11, 2020 to decide the other issues. *See Belvedere Condo. Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279, 617 N.E.2d 1075 (1993) ("When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue. To put it another way, if we must resolve a legal issue that was not raised below in order to reach a legal issue that was raised, we will do so.").

Case No. 23 MA 0062

**{¶54}** However, the theory of a civil servant's payroll status retroactively changing due to the issuance of an amended removal order upon court remand was not implicit in Appellant's preserved arguments about (1) a violation of a rule rendering an initial removal order void or (2) a violation of a rule prohibiting material amendments. In any event, we note the cited *Belvedere* principle is discretionary with the reviewing court. *See id.*, citing *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 ("the waiver doctrine * * * is discretionary. In the criminal context, Crim.R. 52(B) provides that '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court'").

**{¶55}** As to the doctrine of plain error, its application requires not only an error but also an obvious one that affected the outcome. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 62. Plain error is a discretionary doctrine the appellate court may choose to use but only with the utmost care in exceptional circumstances when required to avoid a manifest miscarriage of justice. *Id.* In civil cases, the plain error doctrine is not favored and can only be utilized by a reviewing court "in the extremely rare case involving exceptional circumstances" involving an error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. The alleged theory presented here was not obvious and did not seriously affect the integrity of the underlying system at issue.

**{¶56}** Regardless, Appellant's new legal theory lacks support and is not a reasonable reading of the rules. If the first removal order was not void (so as to render the termination non-existent under the first assignment of error), then Appellant was not an employee as of the March 8, 2019 date of termination. The remand judgment with instructions to add specific reasons to the removal order did not reinstate Appellant's employment. And, the resulting compliance with the remand did not mean the issuance of an amended removal order itself necessarily and retroactively returned Appellant's status to active employment for the time before the amended removal order's issuance merely because the rule to provide a removal order applies to classified "employees." This assignment of error is without merit.

**{¶57}** For the foregoing reasons, the trial court's decision is affirmed.

Case No. 23 MA 0062

Waite, J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**